UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID REIGNIER,

        Plaintiff,

v.                                                      Case No. 21-C-779

MATT SHALLOW,

        Defendant.

## DECISION AND ORDER

Plaintiff David Reignier, who was incarcerated at the Oconto County Jail when he initiated this action, is representing himself. On November 2, 2021, the Court screened his complaint and allowed him to proceed on an Eighth Amendment claim against Defendant. Dkt. No. 10. At the conclusion of the screening order, the Court reminded Reignier "that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution." *Id.* at 7. The Court warned Reignier that "failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice." *Id.* On December 7, 2021, the Court mailed a letter to Reignier advising him that this action had been reassigned from Magistrate Judge Stephen C. Dries to District Judge William C. Griesbach. Dkt. No. 18. The letter was returned to the Court as undeliverable. The envelope was stamped "Inmate Not Here."

Despite the instruction in the screening order, Reignier did not notify the Court of how to contact him after he was released. Valuable time and resources will be spent by both the Court and Defendant to advance a case that Reignier appears to have no interest in prosecuting. Civil Local Rule 41(c) allows the Court to dismiss a case whenever it appears to the Court that the plaintiff is not diligently prosecuting it. Reignier's failure to contact the Court since his release demonstrates a failure to diligently prosecute this case. Typically, before dismissing a case for

failure to prosecute, the Court would give a plaintiff the opportunity to show cause why the case should not be dismissed, but the Court cannot do so here because the Court does not know where to mail the show-cause order. Plaintiffs "may not hide behind a court's inability to warn them of impending dismissal when their own actions make such a warning impossible." *In re Ericson*, 175 F. App'x 58, 60 (7th Cir. 2006). Accordingly, the Court will dismiss this action without prejudice. Reignier may seek to reinstate his case within 60 days of this order. If he does so, he must explain why the Court should excuse his failure to timely update the Court of his whereabouts.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED without prejudice** based on Reignier's failure to comply with the Court's order and based on his failure to diligently prosecute this action. The Clerk of Court shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 21st day of December, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.