UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID REIGNIER,

        Plaintiff,

   v.                              Case No. 21-C-779

MATT SHALLOW,

        Defendant.

## DECISION AND ORDER

    Plaintiff David Reignier is currently serving a state prison sentence at Stanley Correctional Institution and representing himself. When he initiated this case, he was incarcerated at the Oconto County Jail. The case was originally assigned to Magistrate Judge Stephen C. Dries but, because not all parties had had the opportunity to consent to magistrate judge jurisdiction, the case was referred to District Judge Lynn Adelman for the limited purpose of screening the complaint. On November 2, 2021, Judge Adelman screened the complaint and allowed Reignier to proceed on a claim based on allegations that Defendant provided him with hand sanitizer, which Reignier allegedly drank. Reignier states that he has a long history of being an alcoholic and had to receive medical treatment after drinking the hand sanitizer. After screening the complaint, Judge Adelman returned the case to Judge Dries for further proceedings. However, about a month later, on December 6, 2021, the case was reassigned to me because not all parties consented to magistrate judge jurisdiction.

    On December 20, 2021, mail sent to Reignier at the jail was returned to the Court as undeliverable because Reignier was no longer incarcerated there. Neither the jail nor Reignier

notified the Court when he was released or how the Court could contact him. The next day, the Court dismissed this action based on Reignier's failure to diligently prosecute his case by keeping the Court and Defendant informed of his whereabouts. After the Court dismissed the case, court staff was able to locate Reignier by consulting the Wisconsin Department of Corrections' online inmate locator. Court staff mailed the Court's decision to Reignier at Stanley, where he is now incarcerated.

A few weeks later, on January 13, 2022, Reignier filed a motion for reconsideration pursuant to Fed. R. Civ. P. 60. He explains that he was transferred from the jail to Stanley in September 2021, more than a month before the Court screened the complaint. Reignier asserts that he was unaware of his obligation to keep his contact information up to date. Dkt. No. 22. The Court is not persuaded by Reignier's assertion. On June 24, 2021, months before Reignier's transfer, the Court entered an order wherein it stated, "*[T]he parties must notify the Clerk of Court of any change of address*. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute." Dkt. No. 5 at 4 (emphasis in original). Accordingly, Reignier was notified both of his obligation to notify the Court of any change of address as well as the consequence for failing to do so.

In any event, the Court finds that it would be futile to reopen this case. Upon further review of the complaint, the Court concludes that Reignier fails to state a claim upon which relief can be granted. To prevail on a claim under the Fourteenth Amendment, a plaintiff must show that he suffered from an objectively serious risk to health or safety and that the defendant's response to that risk was objectively unreasonable. *Williams v. Ortiz*, 937 F.3d 936, 942-43 (7th Cir. 2019). Reignier alleges that he asked several officers to provide him with hand sanitizer and that, in

violation of jail policy, Defendant gave him some.  Reignier alleges that he has long history of alcoholism.

Section 1983 "protects plaintiffs from constitutional violations, not violations of state laws, or . . . departmental regulations." *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003).  As such, Reignier cannot bring a suit under §1983 based on an assertion that Defendant violated the jail's policy prohibiting officers from giving hand sanitizer to inmates.  Further, the Court cannot reasonably infer that, just because Reignier has a history of alcoholism, he faced an objectively serious risk of drinking hand sanitizer.  Nor can the Court reasonably infer that it was objectively unreasonable for an officer to provide an inmate with hand sanitizer, particularly in the middle of a pandemic.  Even if the Court were to consider whether it is objectively unreasonable to provide inmates who have a history of alcoholism with hand sanitizer, nothing in Reignier's complaint suggests that Defendant was aware that Reignier had such a history or that Defendant had any reason to suspect that Reignier would be inclined to drink the hand sanitizer rather than use it for its intended purpose.  In short, Reignier fails to state a claim upon which relief can be granted, so it would be futile to grant his motion asking the Court to reconsider its decision dismissing this case.

**IT IS THEREFORE ORDERED** that Reignier's motion for reconsideration (Dkt. No. 22) is **DENIED**.

Dated at Green Bay, Wisconsin this  18th   day of January, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge